**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ENOCH SMITH,             )
                              )
       PLAINTIFF,      )
                              )
v.                          )
                              )
                              )   Case No. 2:23-CV-02114
HIGHLAND COMMUNITY COLLEGE,  )
DEBORAH FOX, BRYAN DORREL,   )
ERIC INGMIRE, EILEEN GRONNIGER, )
AND JEFFREY HANCOCK,       )
                              )
       DEFENDANTS.    )

**DEFENDANT ERIC INGMIRE'S**
**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

    COMES NOW Defendant Eric Ingmire, by and through undersigned counsel, and for his Answer to Plaintiff's First Amended Complaint ("Plaintiff's Complaint"), states as follows:

**PRELIMINARY STATEMENT**

    1.    Paragraph 1 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

    2.    Defendant admits that this Court has jurisdiction. However, Defendant denies that Plaintiff was subjected to race discrimination, harassment, or relation, as alleged in Plaintiff's Complaint.

    3.    Defendant admits that this Court has subject matter jurisdiction. However, Defendant denies that Plaintiff was subjected to race discrimination, harassment, or retaliation, as alleged in Plaintiff's Complaint.

1

4.      Defendant admits that venue is proper in this district. However, Defendant denies that Plaintiff was subjected to race discrimination, harassment, or retaliation, as alleged in Plaintiff's Complaint.

## THE PARTIES

5.      Defendant admits that Plaintiff Enoch Smith formerly served as an assistant football coach at Highland for the Spring 2020 and Fall 2021 football seasons. Defendant denies that the decision not to rehire Plaintiff was discriminatory or retaliatory, as alleged in Plaintiff's Complaint. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.

6.      Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Paragraph 7 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant admits that Deborah Fox is the President of Highland and has served as President since July 2019. The remaining allegations of Paragraph 9 contain legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant admits that Bryan Dorrel is Highland's former Athletic Director. Defendant further admits that Dorrel had authority to formulate procedures and implement practices related to student-athlete recruitment and conduct. The remaining allegations of Paragraph 10 contain legal conclusions to which no response is required from this Defendant. To

the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant admits that he is the Vice President of Student Services at Highland and served as Highland's Student Title IX Coordinator. Defendant further admits that he has authority over student discipline and student complaints. Defendant denies that he had knowledge of discriminatory treatment of Black student athletes, including Plaintiff and others. Defendant denies that Plaintiff was subjected to race discrimination, harassment, or relation, as alleged in Plaintiff's Complaint. The remaining allegations of Paragraph 11 contain legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits that Eileen Gronniger was Highland's Human Resources Manager and Employee Title IX Coordinator. Defendant admits that Eileen Gronniger was responsible for handling employee complaints, including those involving unlawful discrimination. The remaining allegations of Paragraph 12 contain legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant admits that Jeffrey Hancock was Highland's Head Football Coach. Defendant further admits that Mr. Hancock was responsible for all aspects of management of Highland's football program, including but not limited to the supervisor of Plaintiff.

## FACTUAL ALLEGATIONS

14.     Defendant admits that Plaintiff is a 1999 graduate of Highland, where he also played football. Defendant denies that Plaintiff is active as an alum. Defendant admits that Plaintiff previously received an award from Highland's Alumni Association. Defendant further admits that

Plaintiff previously gave a commencement speech at Highland's graduation. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15.     Defendant admits that in January 2020, Highland offered Plaintiff the position of Assistant Coach for the Defensive Line and Academic Coordinator for the entire football program under Head Coach Hancock. Defendant denies that Plaintiff was the only Black employee at Highland when he was hired.

16.     Defendant admits that Plaintiff relocated to Highland after accepting the position of Assistant Coach for the Defensive Line. Defendant denies that Plaintiff "left his business" when he accepted the position at Highland. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17.     Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint and, therefore, denies the same.

19.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the same.

20.     Defendant denies that Highland administrators or Coach Hancock were aware of any misconduct or discriminatory behavior by Coach Landoll. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.

21.    Defendant denies that "HCC football coaches and administrators" engaged in ongoing acts of racial discrimination and harassment directed at Black student-athletes and employees. Defendant further denies that Plaintiff formally complained of ongoing acts of racial discrimination and harassment directed at Black student-athletes and employees. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

22.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.

23.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same.

24.    Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint and, therefore, denies the same.

26.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same.

27.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and, therefore, denies the same.

28.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint and, therefore, denies the same.

29.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Petition and, therefore, denies the same.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint and, therefore, denies the same.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant admits that Plaintiff submitted a complaint to Highland on October 26, 2021. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint and, therefore, denies the same.

34.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, denies the same.

35.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint and, therefore, denies the same.

36.     Defendant admits that Plaintiff filed a complaint of racial discrimination against Highland with the Office of Civil Rights. Defendant denies the allegations contained in the complaint and denies that Plaintiff was ever subjected to discrimination or retaliation.

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint and, therefore, denies the same.

41.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint and, therefore, denies the same.

42.     Defendant denies that Highland never investigated Plaintiff's complaints during his employment. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint and, therefore, denies the same.

43.     Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies that Highland removed Plaintiff's picture and biography from Highland's website in an act of retaliation. Defendant further denies that Highland has ever erased information from its website in an act of retaliation. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint and, therefore, denies the same.

46.     Paragraph 46 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

## COUNT I
### (Race Discrimination under Title VII Against HCC)

47.     In response to Paragraph 47 of Plaintiff's Complaint, Defendant hereby incorporates by reference each of his responses to Paragraphs 1 through 46 above as if fully set forth herein.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Paragraph 53 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

**COUNT II**
**(Violation of under 42 U.S.C. §§ 1981 and 1983 Against All Defendants)**

56.     In response to Paragraph 56 of Plaintiff's Complaint, Defendant hereby incorporates by reference each of his responses to Paragraphs 1 through 55 above as if fully set forth herein.

57.     Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendant admits the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant admits the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

## COUNT III
**(Retaliation under 42 U.S.C. §§ 1981 and 1983 Against All Defendants)**

68.     In   response   to   Paragraph   68   of   Plaintiff's   Complaint,   Defendant   hereby incorporates by reference each of his responses to Paragraphs 1 through 67 above as if fully set forth herein.

69.     Paragraph   69   of   Plaintiff's   Complaint   contains   legal   conclusions   to   which   no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Paragraph   70   of   Plaintiff's   Complaint   contains   legal   conclusions   to   which   no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Paragraph   71   of   Plaintiff's   Complaint   contains   legal   conclusions   to   which   no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Defendant   denies   the   allegations   contained   in   Paragraph   72   of   Plaintiff's Complaint.

73.     Defendant   denies   the   allegations   contained   in   Paragraph   73   of   Plaintiff's Complaint.

74.     Defendant   denies   the   allegations   contained   in   Paragraph   74   of   Plaintiff's Complaint.

75.     Defendant   denies   the   allegations   contained   in   Paragraph   75   of   Plaintiff's Complaint.

76.     Defendant   denies   the   allegations   contained   in   Paragraph   76   of   Plaintiff's Complaint.

77.      Defendant  denies  the  allegations  contained  in  Paragraph  77  of  Plaintiff's Complaint.

78.      Defendant  denies  the  allegations  contained  in  Paragraph  78  of  Plaintiff's Complaint.

<u>**COUNT IV**</u>
**(Title VI Claim against HCC)**

79.      In  response  to  Paragraph  79  of  Plaintiff's  Complaint,  Defendant  hereby incorporates by reference each of his responses to Paragraphs 1 through 78 above as if fully set forth herein.

80.      Paragraph  80  of  Plaintiff's  Complaint  contains  legal  conclusions  to  which  no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.      Paragraph  81  of  Plaintiff's  Complaint  contains  legal  conclusions  to  which  no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.      Paragraph  82  of  Plaintiff's  Complaint  contains  legal  conclusions  to  which  no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.      Defendant  admits  the  allegations  contained  in  Paragraph  83  of  Plaintiff's Complaint.

84.      Defendant  denies  the  allegations  contained  in  Paragraph  84  of  Plaintiff's Complaint.

85.      Defendant  denies  the  allegations  contained  in  Paragraph  85  of  Plaintiff's Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

**COUNT IV**
**(Title VI Claim against HCC)**

91.     In response to Paragraph 91 of Plaintiff's Complaint, Defendant hereby incorporates by reference each of his responses to Paragraphs 1 through 90 above as if fully set forth herein.

92.     Paragraph 92 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     Paragraph 93 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     Paragraph 94 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Complaint. Defendant further denies there WHEREFORE Paragraph following Paragraph 99 of Plaintiff's Complaint, including subparts (a) through (f).

## AFFIRMATIVE DEFENSES

Defendant Affirmative Defenses and other defenses are set forth below.  By stating a defense, Defendant does not thereby assume the burden of proof on such defense except to the extent applicable law requires Defendant to plead and prove the defense in order to avail himself of the defense.  Defendant reserves the right to assert any additional defenses that arise during discovery or evidence presented at trial.

1.      Plaintiff's Complaint fails to state a claim or cause upon which relief may be granted and should accordingly be dismissed.

2.      For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff has failed to mitigate his damages herein.

3.      For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff's claims are barred in whole or in part to the extent they failed to comply with the jurisdictional and/or procedural prerequisites for any claims in this action.

4.      For further answer and defense to Plaintiff's Complaint, Defendant states that if he is deemed to be a state actor, then her actions were discretionary in nature and therefore it is entitled to immunity, qualified or otherwise.

5.      For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff's cause of action under 42 U.S.C. § 1983 is barred because a comprehensive remedial scheme(s) already exists for such claims.

6.      For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff has not, and cannot, point to a custom, policy, or practice of Highland that violated Plaintiff's constitutional rights (if any).

7.      For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff had no constitutional rights that were violated by any of the Defendants.

8.      For further answer and defense to Plaintiff's Complaint, Defendant asserts that any action he took with respect to Plaintiff or Plaintiff's employment was for a legitimate, non-discriminatory reason.

9.      For further answer and defense to Plaintiff's Complaint, Defendant states that some or all of the claims alleged in the Complaint may be barred, in whole or in part, by the applicable statute of limitations, laches, waiver, and/or estoppel.

10.     For further answer and defense to Plaintiff's Complaint, Defendant states that compensatory or punitive damages are barred and/or limited to the amounts authorized by Federal or Kansas law.

11.     For further answer and defense to Plaintiff's Complaint, Defendant states that he did not intentionally discriminate against Plaintiff during the course of Plaintiff's employment or in decisions made about Plaintiff's employment with Highland based on race or any other protected class.

12.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff was not treated differently from any other similarly situated person who was not a member of Plaintiff's alleged protected class and/or that any difference in treatment, which is hereby denied, was not due to protected class status.

13.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by him or to avoid harm otherwise.

14.     For further answer and defense to Plaintiff's Complaint, Defendant states that he exercised appropriate business judgment in making employment decisions concerning Plaintiff.

15.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff's damages, if any, were caused by his own conduct.

16.     For further answer and defenses to Plaintiff's Complaint, Defendant states that Plaintiff is not entitled to a jury trial on claims for back-pay, front-pay, interest, or equitable relief.

17.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff's claims are barred, or limited, as a result of the after-acquired evidence doctrine in that the Defendant has learned, subsequently to Plaintiff 's separation from employment, of various other performance problems that were occurring while Plaintiff was employed for Highland.

18.     For further answer and defense to Plaintiff's Complaint, Defendant states that any and all allegations not specifically admitted herein are denied.

19.     For further answer and defense to Plaintiff's Complaint, Defendant reserves the right to amend these affirmative defenses as information is discovered through the course of investigation and discovery.

20.     Plaintiff's alleged damages, to the extent any exist, were caused in whole or in part by sources other than any alleged unlawful actions by Defendant.  Accordingly, any such damages should either be completely denied or apportioned according to the evidence.

21.     Plaintiff's alleged damages, to the extent any exist, are speculative and uncertain, and therefore, not compensable.

22.     Defendant denies committing any violation of any law as alleged in Plaintiff's Complaint.

23.     Any recovery on Plaintiff's Complaint is barred, in whole or in part, because Highland maintained policies prohibiting unlawful conduct and providing an educational environment free from discrimination, harassment, and retaliation.

24.     Some of all of Plaintiff's claims are barred by the doctrine of Qualified Immunity.

25.     Some of all of Plaintiff's claims are barred by the doctrine of Governmental Immunity.

26.     Some or all of Plaintiff's claims are barred because, to the extent Plaintiff reported any alleged discrimination, harassment, or retaliation, Highland, by and through its representatives, promptly investigated the report and took prompt and appropriate remedial action.

WHEREFORE, Defendant Eric Ingmire having fully answered Plaintiff's Complaint, prays that Plaintiff takes naught by his Complaint and for such further and other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

COMES NOW Defendant Eric Ingmire, by and through counsel, and requests trial by jury on all issues in the above-entitled matter.

Respectfully submitted,

SANDERS WARREN & RUSSELL LLP

/s/ *Michael K. Hobbs*

| | |
|---|---|
| Sean M. Sturdivan, | KS #21286 |
| Tracy M. Hayes, | KS #23119 |
| Michael K. Hobbs, | KS #27841 |

Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
Telephone:     (913) 234-6100
Facsimile:     (913) 234-6199
s.sturdivan@swrllp.com
t.hayes@swrllp.com
m.hobbs@swrllp.com
**ATTORNEYS FOR DEFENDANTS
HIGHLAND COMMUNITY COLLEGE,
DEBORAH FOX, BRYAN DORREL,
ERIC INGMIRE, EILEEN GRONNIGER,
AND JEFFREY HANCOCK**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was served this 5th day of June, 2023, via the Court's Electronic Filing (ECF) system which provided service electronically to all parties of record.

William C. Odle
The Odle Law Firm, LLC
6 ½ First Street, Suite 2
Parkville, Missouri  64152
Phone:  816-631-5220
wodle@odlelawfirm.com
**ATTORNEY FOR PLAINTIFF**

/s/ *Michael K. Hobbs*
**ATTORNEY**