**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ENOCH SMITH,                                )
                                            )
        PLAINTIFF,                          )
                                            )
v.                                          )
                                            )
                                            )     Case No. 2:23-CV-02114
HIGHLAND COMMUNITY COLLEGE,                 )
DEBORAH FOX, BRYAN DORREL,                  )
ERIC INGMIRE, EILEEN GRONNIGER,             )
AND JEFFREY HANCOCK,                        )
                                            )
        DEFENDANTS.                         )

**DEFENDANT JEFFREY HANCOCK'S**
**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Jeffrey Hancock, by and through undersigned counsel, and for his Answer to Plaintiff's First Amended Complaint ("Plaintiff's Complaint"), states as follows:

**PRELIMINARY STATEMENT**

1.      Paragraph 1 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

2.      Defendant admits that this Court has jurisdiction. However, Defendant denies that Plaintiff was subjected to race discrimination, harassment, or relation, as alleged in Plaintiff's Complaint.

3.      Defendant admits that this Court has subject matter jurisdiction. However, Defendant denies that Plaintiff was subjected to race discrimination, harassment, or retaliation, as alleged in Plaintiff's Complaint.

4.      Defendant admits that venue is proper in this district. However, Defendant denies that Plaintiff was subjected to race discrimination, harassment, or retaliation, as alleged in Plaintiff's Complaint.

## THE PARTIES

5.      Defendant admits that Plaintiff Enoch Smith formerly served as an assistant football coach at Highland for the Spring 2020 and Fall 2021 football seasons. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the sane.

6.      Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Paragraph 7 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant admits that Deborah Fox is the President of Highland and has served as President since July 2019. The remaining allegations of Paragraph 9 contain legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant admits that Bryan Dorrel is Highland's former Athletic Director. Defendant further admits that Dorrel had authority to formulate procedures and implement practices related to student-athlete recruitment and conduct. The remaining allegations of Paragraph 10 contain legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant admits that Eric Ingmire is the Vice President of Student Services at Highland and served as Highland's Student Title IX Coordinator. Defendant further admits that Ingmire has authority over student discipline and student complaints. Defendant denies that Mr. Ingmire had knowledge of discriminatory treatment of Black student athletes, including Plaintiff and others. Defendant denies that Plaintiff was subjected to race discrimination, harassment, or relation, as alleged in Plaintiff's Complaint. The remaining allegations of Paragraph 11 contain legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits that Eileen Gronniger was Highland's Human Resources Manager and Employee Title IX Coordinator. Defendant admits that Ms. Gronniger was responsible for handling employee complaints, including those involving unlawful discrimination. The remaining allegations of Paragraph 12 contain legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant admits that he was Highland's Head Football Coach. Defendant further admits that he was responsible for all aspects of management of Highland's football program, including but not limited to the supervisor of Plaintiff.

## FACTUAL ALLEGATIONS

14.     Defendant admits that Plaintiff is a 1999 graduate of Highland, where he also played football. Defendant denies that Plaintiff is active as an alum. Defendant admits that Plaintiff previously received an award from Highland's Alumni Association. Defendant further admits that Plaintiff previously gave a commencement speech at Highland's graduation. Defendant lacks

sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15.     Defendant admits that in January 2020, Highland offered Plaintiff the position of Assistant Coach for the Defensive Line and Academic Coordinator for the entire football program under Head Coach Hancock. Defendant denies that Plaintiff was the only Black employee at Highland when he was hired.

16.     Defendant admits that Plaintiff relocated to Highland after accepting the position of Assistant Coach for the Defensive Line. Defendant denies that Plaintiff "left his business" when he accepted the position at Highland. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17.     Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies that Coach Landoll abused or harassed Black team members. Defendant also denies that Coach Landoll treated Black team members differently than their peers. Defendant further denies that Coach Landoll committed any of the following "acts:" unjustified berating of players, micro-aggressions like throwing a player's mouthguard into the dirt and using the racial epithet "sand-nigger" referring to a Muslim player.

19.     Defendant admits that Plaintiff recruited student athletes from Fort Scott High School. Defendant admits that Plaintiff made a complaint to him concerning comments made about Plaintiff's recruitment of student athletes from Fort Scott High School. Plaintiff's complaint was investigated and addressed by Defendant. Defendant lacks sufficient information to admit or deny

the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the same.

20.     Defendant denies that Highland administrators or Coach Hancock were aware of any misconduct or discriminatory behavior by Coach Landoll. Defendant admits that Coach Hancock was aware that Plaintiff and Coach Landoll did not get along. However, Plaintiff never complained to Coach Hancock that Coach Landoll engaged in acts of misconduct or discrimination towards Black team members. Coach Hancock held a meeting on January 7, 2021, with Coach Landoll, Mr. Dorrel, and Plaintiff present, to address the relationship between Coach Landoll and Plaintiff and the relationship between the coaches initially improved following the meeting. In fact, Plaintiff and Coach Landoll hugged at the conclusion of the meeting. Defendant denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies that "HCC football coaches and administrators" engaged in ongoing acts of racial discrimination and harassment directed at Black student-athletes and employees. Defendant further denies that Plaintiff formally complained of ongoing acts of racial discrimination and harassment directed at Black student-athletes and employees. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies that he, Bryan Dorrel, and Coach Landoll engaged in acts of racial harassment, as referenced in Paragraph 25 of Plaintiff's Complaint. Defendant further denies that Bryan Dorel ordered Plaintiff to conduct criminal background checks only on Black prospective student-athletes, and that coaches were required to reprimand and discipline Black players differently than White players. In further response, Defendant states that Plaintiff, and all other football coaches, were asked to create player profiles for all prospective student-athletes that he recruited. These profiles are a common practice in coaching, and do not require criminal background checks. The criminal background of student-athletes was questioned if a prospective-student athlete had a known criminal history. However, information concerning the prospective-student athlete's criminal status was only obtained with the student's permission. On the specific issue of discipline, all "discipline" of players due to violations of team rules was created by the assistant football coaches, including Plaintiff. Each position coach, including Plaintiff, oversaw their own positional players and were responsible for making sure their players followed team rules and policies. Finally, no player was ever removed from the team without input from all coaches on staff. Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same.

27.     Defendant admits that a student-athlete made an inappropriate, race-driven, comment about Coach Landoll on or around October 13, 2021. Based on present information and belief, Coach Landoll left practice after the comment, claiming that he was ill. Defendant further admits that several football players, including Black players and White players, went to Coach Landoll's house after practice. Defendant admits that President Fox, Coach Bradley Oh, and Coach

Christopher Watkins went to Coach Landoll's house on October 13, 2021. However, Defendant denies that President Fox, Coach Bradley Oh, or Coach Christopher Watkins went to Coach Landoll's house in response to a group text or meeting request. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint and, therefore, denies the same.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint. Based on present information and belief, approximately half of the players who went to Coach Landoll's home were Black.

29.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Petition and, therefore, denies the same.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint and, therefore, denies the same.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant admits that Plaintiff submitted a complaint to Highland on October 26, 2021. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint and, therefore, denies the same.

34.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, denies the same.

35.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint and, therefore, denies the same.

36.     Defendant admits that Plaintiff filed a complaint of racial discrimination against Highland with the Office of Civil Rights. Defendant denies the allegations contained in the complaint and denies that Plaintiff was ever subjected to discrimination or retaliation.

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint. By example, Plaintiff's performance was less than exemplary throughout the Fall 2021 season.

40.     Defendant admits that he resigned in November 2021. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint and, therefore, denies the same.

41.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint and, therefore, denies the same.

42.     Defendant denies that Highland never investigated Plaintiff's complaints during his employment. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint and, therefore, denies the same.

43.     Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies that Highland removed Plaintiff's picture and biography from Highland's website in an act of retaliation. Defendant further denies that Highland has ever erased information from its website in an act of retaliation. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint and, therefore, denies the same.

46.     Paragraph 46 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

<u>**COUNT I**</u>
**(Race Discrimination under Title VII Against HCC)**

47.     In response to Paragraph 47 of Plaintiff's Complaint, Defendant hereby incorporates by reference each of his responses to Paragraphs 1 through 46 above as if fully set forth herein.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Paragraph 53 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

## COUNT II
### (Violation of under 42 U.S.C. §§ 1981 and 1983 Against All Defendants)

56.     In response to Paragraph 56 of Plaintiff's Complaint, Defendant hereby incorporates by reference each of his responses to Paragraphs 1 through 55 above as if fully set forth herein.

57.     Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendant admits the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant admits the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

## COUNT III
### (Retaliation under 42 U.S.C. §§ 1981 and 1983 Against All Defendants)

68.     In response to Paragraph 68 of Plaintiff's Complaint, Defendant hereby incorporates by reference each of his responses to Paragraphs 1 through 67 above as if fully set forth herein.

69.     Paragraph 69 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Paragraph 70 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Paragraph 71 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

## COUNT IV
### (Title VI Claim against HCC)

79.     In response to Paragraph 79 of Plaintiff's Complaint, Defendant hereby incorporates by reference each of his responses to Paragraphs 1 through 78 above as if fully set forth herein.

80.     Paragraph 80 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     Paragraph 81 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     Paragraph 82 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     Defendant admits the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

## <u>COUNT IV</u>
## (Title VI Claim against HCC)

91.     In response to Paragraph 91 of Plaintiff's Complaint, Defendant hereby incorporates by reference each of his responses to Paragraphs 1 through 90 above as if fully set forth herein.

92.     Paragraph 92 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     Paragraph 93 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     Paragraph 94 of Plaintiff's Complaint contains legal conclusions to which no response is required from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Complaint. Defendant further denies there WHEREFORE Paragraph following Paragraph 99 of Plaintiff's Complaint, including subparts (a) through (f).

## AFFIRMATIVE DEFENSES

Defendant Affirmative Defenses and other defenses are set forth below.  By stating a defense, Defendant does not thereby assume the burden of proof on such defense except to the extent applicable law requires Defendant to plead and prove the defense in order to avail himself of the defense.  Defendant reserves the right to assert any additional defenses that arise during discovery or evidence presented at trial.

1.     Plaintiff's Complaint fails to state a claim or cause upon which relief may be granted and should accordingly be dismissed.

2.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff has failed to mitigate his damages herein.

3.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff's claims are barred in whole or in part to the extent they failed to comply with the jurisdictional and/or procedural prerequisites for any claims in this action.

4.     For further answer and defense to Plaintiff's Complaint, Defendant states that if he is deemed to be a state actor, then his actions were discretionary in nature and therefore it is entitled to immunity, qualified or otherwise.

5.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff's cause of action under 42 U.S.C. § 1983 is barred because a comprehensive remedial scheme(s) already exists for such claims.

6.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff has not, and cannot, point to a custom, policy, or practice of Highland that violated Plaintiff's constitutional rights (if any).

7.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff had no constitutional rights that were violated by any of the Defendants.

8.     For further answer and defense to Plaintiff's Complaint, Defendant asserts that any action he took with respect to Plaintiff or Plaintiff's employment was for a legitimate, non-discriminatory reason.

9.     For further answer and defense to Plaintiff's Complaint, Defendant states that some or all of the claims alleged in the Complaint may be barred, in whole or in part, by the applicable statute of limitations, laches, waiver, and/or estoppel.

10.     For further answer and defense to Plaintiff's Complaint, Defendant states that compensatory or punitive damages are barred and/or limited to the amounts authorized by Federal or Kansas law.

11.     For further answer and defense to Plaintiff's Complaint, Defendant states that he did not intentionally discriminate against Plaintiff during the course of Plaintiff's employment or in decisions made about Plaintiff's employment with Highland based on race or any other protected class.

12.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff was not treated differently from any other similarly situated person who was not a member of Plaintiff's alleged protected class and/or that any difference in treatment, which is hereby denied, was not due to protected class status.

13.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by him or to avoid harm otherwise.

14.     For further answer and defense to Plaintiff's Complaint, Defendant states that he exercised appropriate business judgment in making employment decisions concerning Plaintiff.

15.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff's damages, if any, were caused by his own conduct.

16.     For further answer and defenses to Plaintiff's Complaint, Defendant states that Plaintiff is not entitled to a jury trial on claims for back-pay, front-pay, interest, or equitable relief.

17.     For further answer and defense to Plaintiff's Complaint, Defendant states that Plaintiff's claims are barred, or limited, as a result of the after-acquired evidence doctrine in that the Defendant has learned, subsequently to Plaintiff 's separation from employment, of various other performance problems that were occurring while Plaintiff was employed for Highland.

18.     For further answer and defense to Plaintiff's Complaint, Defendant states that any and all allegations not specifically admitted herein are denied.

19.     For further answer and defense to Plaintiff's Complaint, Defendant reserves the right to amend these affirmative defenses as information is discovered through the course of investigation and discovery.

20.     Plaintiff's alleged damages, to the extent any exist, were caused in whole or in part by sources other than any alleged unlawful actions by Defendant.  Accordingly, any such damages should either be completely denied or apportioned according to the evidence.

21.     Plaintiff's alleged damages, to the extent any exist, are speculative and uncertain, and therefore, not compensable.

22.     Defendant denies committing any violation of any law, as alleged in Plaintiff's Complaint.

23.     Any recovery on Plaintiff's Complaint is barred, in whole or in part, because Highland maintained policies prohibiting unlawful conduct and providing an educational environment free from discrimination, harassment, and retaliation.

24.     Some of all of Plaintiff's claims are barred by the doctrine of Qualified Immunity.

25.     Some of all of Plaintiff's claims are barred by the doctrine of Governmental Immunity.

26.     Some or all of Plaintiff's claims are barred because, to the extent Plaintiff reported any alleged discrimination, harassment, or retaliation, Highland, by and through its representatives, promptly investigated the report and took prompt and appropriate remedial action.

WHEREFORE, Defendant Jeffrey Hancock having fully answered Plaintiff's Complaint, prays that Plaintiff takes naught by his Complaint and for such further and other relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

COMES NOW Defendant Jeffrey Hancock, by and through counsel, and requests trial by jury on all issues in the above-entitled matter.

Respectfully submitted,

SANDERS WARREN & RUSSELL LLP

/s/ Michael K. Hobbs
Sean M. Sturdivan,        KS #21286
Tracy M. Hayes,           KS #23119
Michael K. Hobbs,         KS #27841
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
Telephone:     (913) 234-6100
Facsimile:     (913) 234-6199
s.sturdivan@swrllp.com
t.hayes@swrllp.com
m.hobbs@swrllp.com
**ATTORNEYS FOR DEFENDANTS
HIGHLAND COMMUNITY COLLEGE,
DEBORAH FOX, BRYAN DORREL,
ERIC INGMIRE, EILEEN GRONNIGER,
AND JEFFREY HANCOCK**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served this 5th day of June, 2023, via the Court's Electronic Filing (ECF) system which provided service electronically to all parties of record.

William C. Odle
The Odle Law Firm, LLC
6 ½ First Street, Suite 2
Parkville, Missouri  64152
Phone:  816-631-5220
wodle@odlelawfirm.com
**ATTORNEY FOR PLAINTIFF**

/s/ Michael K. Hobbs
**ATTORNEY**

19